Exhibit A

**438th District Court**

## Case Summary

**Case No. 2023CI05845**

| | | | |
|---|---|---|---|
| **Laura Buenrostro VS State Farm Mutual Automobile Insurance Company** | § § § | Location: | **438th District Court** |
| | | Judicial Officer: | **438th, District Court** |
| | | Filed on: | **03/23/2023** |

---

### Case Information

| | |
|---|---|
| Case Type: | MOTOR VEHICLE ACCIDENT |
| Case Status: | **03/23/2023   Pending** |

---

### Assignment Information

**Current Case Assignment**
Case Number      2023CI05845
Court            438th District Court
Date Assigned    03/23/2023
Judicial Officer 438th, District Court

---

### Party Information

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Buenrostro, Laura** | **GONZALES, JOHN** *Retained* |
| **Defendant** | **State Farm Mutual Automobile Insurance Company** | **BROWN, MARGARET F** *Retained* |

---

### Events and Orders of the Court

| | |
|---|---|
| 03/23/2023 | New Cases Filed (OCA) |
| 03/23/2023 | PETITION |
| 03/23/2023 | REQUEST FOR SERVICE AND PROCESS |
| 03/23/2023 | CIVIL CASE INFORMATION SHEET |
| 03/28/2023 | **Citation**<br>State Farm Mutual Automobile Insurance Company<br>Unserved |
| 05/02/2023 | AFFIDAVIT OF<br>*SERVICE-CERTIFIED MAIL* |
| 05/08/2023 | ORIGINAL ANSWER OF<br>*STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY* |

**State Farm Mutual Automobile Insurance Company**
PO Box 853919
Richardson, TX 75085-3919

NAMED INSURED
AT2

007975  0058    53-8366-2  A    A

| POLICY NUMBER | 171 1537-A26-53P |
|---|---|
| POLICY PERIOD | JUN 10 2021 to JUL 26 2021 |
| 12 01 A.M. Standard Time | |

ST-68C
0103-0558

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

### YOUR CAR

| VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID  NUMBER | CLASS |
|---|---|---|---|---|---|---|
| 4 | 2012 | VOLKSWAGEN  JETTA | 4DR | 3VWDX7AJ3CM370953 | | 103015F000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | |
| | Bodily Injury Limits | |
| | Each Person,  Each Accident | |
| | $30,000        $60,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $25,000 | |
| P | Personal Injury Protection Coverage | |
| | Limit - Each Person | |
| | $2,500 | |
| D | Comprehensive Coverage   $500 Deductible | |
| G | Collision Coverage - $500 Deductible | |
| U | Uninsured/Underinsured Motorists Coverage | |
| | Bodily Injury Limits | |
| | Each Person,  Each Accident | |
| | $30,000        $60,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $25,000 | |
| | **Total Premium Per Auto** | |

This is not a bill.

CONTINUED

See Reverse Side

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Mutuals - Membership and Voting Notice.** The insured is notified that by
   virtue of this policy, he is a member of the State Farm Mutual Automobile Insurance
   Company of Bloomington, Illinois, and is entitled to vote either in person or by proxy at
   any and all meetings of said company. The annual meetings are held in its home office,
   at Bloomington, Illinois, on the second Monday of June, in each year, at 10:00 o'clock A.M.

2. **Mutuals - Participation Clause Without Contingent Liability.** No Contingent Liability: This
   policy is nonassessable. The policyholder is a member of the company and shall participate, to the
   extent and upon the conditions fixed and determined by the Board of Directors in accordance with
   the provisions of law, in the distribution of dividends so fixed and determined.

   In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy
   to be executed and attested.

SECRETARY                    PRESIDENT

**State Farm Mutual Automobile Insurance Company**
PO Box 853919
Richardson, TX 75085-3919



**DECLARATIONS PAGE**

PAGE 2 OF 2

| | |
|---|---|
| POLICY NUMBER | 171 1537-A26-53P |
| POLICY PERIOD | JUN 10 2021 to JUL 26 2021 |
| 12 01 A.M. Standard Time | |

NAMED INSURED   007975  0058

53-8366-2  A        A

ST-68BC
0203-0058

---

### IMPORTANT MESSAGES

**INSURANCE WEBSITE NOTICE**
To obtain price and policy form comparisons and other information relating to residential property insurance and personal automobile insurance, you may visit the Texas Department of Insurance/Office of Public Insurance Counsel website:

**www.helpinsure.com.**

**AVISO DEL SITIO WEB DE SEGUROS**
Para obtener formas para la comparación de precios y póliza y para obtener otra información sobre el seguro de propiedad residencial y de seguro de automóvil personal, visite el sitio web del Departamento de Seguros de Texas/Oficina del Asesor Público de Seguros:

**www.helpinsure.com.**

The Auto(s) or Trailer(s) described in this policy is principally garaged at the address shown unless otherwise stated.

State Farm works hard to offer you the best combination of price, service, and protection.   The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports including credit history.

Your premium was determined by information from consumer reports such as the coverages you have. Time since most recent public record or collection, excluding medical, utility; Percent of open auto finance accounts to total accounts reported in the last 12 months; Percent of balance to high credit on all open accounts; Number of bank revolving accounts.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. Re-rating could result in a lower rate, no change in rate, or a higher rate.

Please refer to the enclosed insert(s) for additional information.

### EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9843A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.



8366-B58

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Mutuals - Membership and Voting Notice.** The insured is notified that by virtue of this policy, he is a member of the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, and is entitled to vote either in person or by proxy at any and all meetings of said company. The annual meetings are held in its home office, at Bloomington, Illinois, on the second Monday of June, in each year, at 10:00 o'clock A.M.

2. **Mutuals - Participation Clause Without Contingent Liability.** No Contingent Liability: This policy is nonassessable. The policyholder is a member of the company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be executed and attested.

SECRETARY            PRESIDENT

B10

Policy Number: 171 1537-A26-53P
Sheet 1 of 1

**PLEASE ATTACH TO YOUR POLICY BOOKLET**

## 6091AD CERTIFICATE OF GUARANTEED RENEWAL

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

*We* agree that *we* will not cancel or nonrenew this policy as long as:

1. this policy insures only motor vehicles and *trailers owned by you*;

2. every motor vehicle insured by this policy is a *private passenger car*;

3. premiums are paid when due;

4. all drivers of *your car* maintain valid drivers licenses;

5. *you* continue to reside in an area in which State Farm Mutual Automobile Insurance Company:

   a. sells automobile insurance; and

   b. has the Certificate of Guaranteed Renewal available for use.

   If *you* move from one state to another, *you* must contact an agent in the new state and complete an application for insurance in that state;

6. no *person* other than *you* becomes a named insured on this policy.

7. *you*, any *resident relative* or any other resident of *your* household:

   a. do not submit fraudulent claims in connection with any policy issued by the *State Farm Companies*;

   b. is not convicted of a felony after the Certificate of Guaranteed Renewal has been added to this policy; and

   c. do not cause or threaten physical harm to any State Farm associate or intentionally cause damage to or threaten to damage any State Farm property or the property of a State Farm Agent.

*You* will be able to select from those coverages which continue to be available from State Farm Mutual Automobile Insurance Company. Coverage will be provided by *our* Personal Car Policy, including any revisions that may be made to it. However, if *you* change residence to an area other than Texas in which State Farm Mutual Automobile Insurance Company sells automobile insurance and has the Certificate of Guaranteed Renewal available for use, coverage will instead be provided by a similar policy, including any revisions that may be made to it.

© Copyright, State Farm Mutual Automobile Insurance Company, 2014          6091AD



9656-0303
ST-68BC
0303-0596

## 6128DV AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   a. The following is added to *Non-Owned Car*:

      *Non-owned car* does not include a *temporary vehicle*.

   b. The following is added to *Temporary Substitute Car*:

      *Temporary substitute car* includes a *temporary vehicle*.

   c. The following is added:

      *Temporary vehicle* includes a *private passenger car* that is:

      1. in the lawful possession of the insured or any *resident relative*; and

      2. loaned or provided to the insured by a facility which rebuilds, repairs, or services a motor vehicle for consideration or under a warranty, service, or maintenance contract for the insured's use while *your car* is at that facility for service, repair, maintenance, or damage, or to obtain an estimate.

      The owner of such *car* must not be the insured, any *resident relative*, nor any other *person* who resides in *your* household.

      A *temporary vehicle* is not a *non-owned car*.

2. **LIABILITY COVERAGE**

   a. **Insuring Agreement**

      Item 1. is changed to read:

      1. *We* will pay:

         a. damages an *insured* becomes legally liable to pay because of:

            (1) *bodily injury* to others; and

            (2) damage to property, including the loss of use of such property

            caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy; and

         b. the obligation of the insured, any *resident relative*, or a licensed operator residing in the insured's household for damage to a *temporary vehicle*.

   b. **Limits**

      The paragraph that reads:

      The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most *we* will pay for all damages resulting from damage to property in any one accident.

      is changed to read:

      The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most *we* will pay for:

   © Copyright, State Farm Mutual Automobile Insurance Company, 2019

07937/07881
ED1

Policy Number: 171 1537-A26-53P

PLEASE ATTACH TO YOUR POLICY BOOKLET

1. all damages resulting from damage to property; and

2. all obligations resulting from damage to all *temporary vehicles*

in any one accident.

c. **Nonduplication**

The following is added:

*We* will not pay any obligation under Liability Coverage that has already been paid under Comprehensive Coverage or Collision Coverage of this policy.

d. **Exclusions**

(1) The following is added to Exclusion 11.:

This exclusion does not apply to damage to a *temporary vehicle*.

(2) Exclusion 12. is changed to read:

THERE IS NO COVERAGE FOR AN *INSURED* FOR LIABILITY ASSUMED UNDER CONTRACT OR AGREEMENT. This exclusion does not apply to the extension of coverage provided to a *temporary vehicle* under this coverage.

(3) The following is added:

THERE IS NO COVERAGE, IN COMPLIANCE WITH 1952.057(a) AND (b) OF THE TEXAS INSURANCE CODE, ON FINAL CONVICTION OF THE NAMED INSURED FOR LOSS FOR A COVERED MOTOR VEHICLE SEIZED BY FEDERAL OR STATE LAW ENFORCEMENT OFFICERS AS EVIDENCE IN A CASE AGAINST THE NAMED INSURED.

e. **If Other Liability Coverage Applies**

The following is added:

The Liability Coverage provided by this policy applies as primary coverage for the use of and damage to a *temporary vehicle*.

3. **PHYSICAL DAMAGE COVERAGES**

**Nonduplication**

The following is added:

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment under Liability Coverage of this policy.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019

07937/07681



State Farm®
**Personal Car Policy**
Booklet

**Texas**
Policy Form 9843A

**IMPORTANT NOTICE**

To obtain information or make a complaint:

You may contact your agent at the telephone number displayed on your Texas Liability Insurance Card.

You may call State Farm's toll-free telephone number for information or to make a complaint at:

**800-STATE-FARM**
**(800-782-8332)**

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

**1-800-252-3439**

You may write the Texas Department of Insurance:

P.O. Box 149104

Austin, TX 78714-9104

Fax: (512) 490-1007

Web: www.tdi.texas.gov

E-mail: ConsumerProtection@tdi.texas.gov

To obtain price and policy form comparisons and other information relating to residential property insurance and personal automobile insurance, you may visit the Texas Department of Insurance/Office of Public Insurance Counsel website:

**www.helpinsure.com**

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

**AVISO IMPORTANTE**

Para obtener información o para presentar una queja:

Usted puede comunicarse con su agente al número de teléfono que aparece en su Tarjeta de Seguro de Responsabilidad de Texas.

Usted puede llamar al número de teléfono gratuito de State Farm para obtener información o para presentar una queja al:

**800-STATE-FARM**
**(800-782-8332)**

Usted puede comunicarse con el Departamento de Seguros de Texas para obtener información sobre compañías, coberturas, derechos o quejas al:

**1-800-252-3439**

Usted puede escribir al Departamento de Seguros de Texas:

P.O. Box 149104

Austin, TX 78714-9104

Fax: (512) 490-1007

Web: www.tdi.texas.gov

E-mail: ConsumerProtection@tdi.texas.gov

Para obtener formas para la comparación de precios y pólizas y para obtener otra información sobre el seguro de propiedad residencial y de seguro de automóvil personal, visite el sitio web del Departamento de Seguros de Texas/Oficina del Asesor Público de Seguros:

**www.helpinsure.com**

**DISPUTAS POR PRIMAS DE SEGUROS O RECLAMACIONES:** Si tiene una disputa relacionada con su prima de seguro o con una reclamación, usted debe comunicarse con el agente primero. Si la disputa no es resuelta, puede comunicarse con el Departamento de Seguros de Texas.

**ADJUNTE ESTE AVISO A SU PÓLIZA:** Este aviso es solamente para propósito de informativos y no se convierte en parte o en condición del documento adjunto.

3
9843A

# CONTENTS

**THIS POLICY** ............................................... 6

**DEFINITIONS** ............................................... 7

**LIABILITY COVERAGE** ........................ 9

Additional Definition ................................ 10

Insuring Agreement .................................... 10

Supplementary Payments ........................... 10

Limits ........................................................ 11

Nonduplication .......................................... 11

Exclusions ................................................. 12

If Other Liability Coverage Applies ......... 13

Required Out-of-State Liability Coverage 14

Financial Responsibility Certification ....... 14

**PERSONAL INJURY PROTECTION
COVERAGE** ................................................. 15

Additional Definitions............................... 15

Insuring Agreement ................................... 15

Limit.......................................................... 15

Exclusions ................................................. 16

If Other Personal Injury Protection
Coverage Applies ...................................... 16

Our Payment Options ................................ 17

**MEDICAL PAYMENTS COVERAGE** ..... 17

Additional Definitions............................... 17

Insuring Agreement ................................... 18

Determining Medical Expenses ................. 18

Limit.......................................................... 19

Nonduplication .......................................... 19

Exclusions ................................................. 19

If Other Medical Payments Coverage or
Similar Vehicle Insurance Applies ........... 20

Our Payment Options ................................ 21

**UNINSURED/UNDERINSURED
MOTORISTS COVERAGE** ......................... 22

Additional Definitions............................... 22

Insuring Agreement ................................... 23

Consent to Settlement ............................... 23

Deciding Fault and Amount ...................... 23

Limits ........................................................ 24

Nonduplication ......................................... 24

Exclusions ................................................. 25

If Other Uninsured/Underinsured Motorists
Coverage Applies ...................................... 26

Our Payment Options ............................... 27

**PHYSICAL DAMAGE COVERAGES** .... 27

Deductible ................................................. 27

Additional Definitions............................... 27

Insuring Agreements ................................. 28

Supplementary Payments – Comprehensive
Coverage and Collision Coverage ............ 30

Limits and Loss Settlement – Comprehensive
Coverage and Collision Coverage ............. 31

Limits – Car Rental and Travel Expenses
Coverage .................................................... 32

Nonduplication .......................................... 32

Exclusions ................................................. 33

If Other Physical Damage Coverage or
Similar Coverage Applies ......................... 35

Financed Vehicle ....................................... 35

Our Payment Options ............................... 35

**DEATH, DISMEMBERMENT AND
LOSS OF SIGHT COVERAGE** ................ 36

Additional Definition ................................ 36

Insuring Agreement ................................... 36

Benefit ....................................................... 36

Exclusions – Death, Dismemberment and
Loss of Sight Coverage and Loss of
Earnings Coverage .................................... 37

Our Payment Options– Death,
Dismemberment and Loss of Sight
Coverage and Loss of Earnings Coverage ... 38

**LOSS OF EARNINGS COVERAGE** ........ 37

Additional Definitions............................... 37

Insuring Agreement ................................... 37

Limit.................................................... 37

Exclusions – Death, Dismemberment and
Loss of Sight Coverage and Loss of
Earnings Coverage ................................. 37

Our Payment Options – Death,
Dismemberment and Loss of Sight
Coverage and Loss of Earnings Coverage .... 38

**INSURED'S DUTIES**............................... 39

Notice to Us of an Accident or Loss ........ 39

Notice to Us of a Claim or Lawsuit ......... 39

Insured's Duty to Cooperate With Us ....... 39

Questioning Under Oath .......................... 39

Other Duties Under the Physical
Damage Coverages .................................. 39

Other Duties Under Personal Injury
Protection Coverage, Medical Payments
Coverage, Uninsured/Underinsured Motorists
Coverage, Death, Dismemberment and
Loss of Sight Coverage, and Loss of
Earnings Coverage .................................... 40

**GENERAL TERMS**.................................... 41

When Coverage Applies............................ 41

Where Coverage Applies........................... 41

Limited Coverage in Mexico..................... 41

Newly Owned or Newly Leased Car......... 42

Changes to This Policy............................. 43

Premium................................................... 44

Renewal.................................................... 44

Nonrenewal .............................................. 44

Cancellation.............................................. 45

Assignment............................................... 45

Bankruptcy or Insolvency of the Insured .. 45

Concealment or Fraud .............................. 45

Our Right to Recover Our Payments......... 46

Legal Action Against Us ........................... 46

Choice of Law .......................................... 47

Severability............................................... 47

Electronic Delivery .................................. 47

Notice of a Claim ..................................... 47

## THIS POLICY

1.  This policy consists of:

    a.  the most recently issued Declarations Page;

    b.  the policy booklet version shown on that Declarations Page; and

    c.  any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2.  This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and *us*. No other agreements apply to this insurance.

3.  *We* agree to provide insurance according to the terms of this policy based on payment of premium for the coverages chosen.

4.  *Your* purchase of this policy may allow:

    a.  *you* to purchase or obtain, on the same terms and conditions as other policyholders similarly situated and of similar risk, certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the **State Farm Companies**, subject to their applicable eligibility rules; or

    b.  the premium or price for other products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the

*State Farm Companies* or by a legal entity that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that legal entity.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Business Day* means a day other than a Saturday, Sunday, or holiday recognized by the State of Texas.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. *Car* does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Employee* includes a worker leased to *you* by a labor leasing firm, employee leasing company, employment-type agency, or any similar staffing service organization.

*Employee* does not include a worker leased to *you* by a labor leasing firm, employee leasing company, employment-type agency, or any similar staffing service organization to:

1. substitute for a permanent *employee* on leave;

2. meet the seasonal demands of *your* business; or

3. fulfill *your* short-term workload conditions.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

   a. Mycotoxins;

   b. Spores;

   c. Scents; or

   d. Byproducts.

*Newly Acquired Car* means a *private passenger car* newly *owned by you* or a *resident relative*. If the *private passenger car* is newly *owned by*:

1. *you*, it ceases to be a *newly acquired car* for:

   a. Comprehensive Coverage and Collision Coverage on the end of the 20th calendar day immediately following the date the *private passenger car* is delivered to *you*; and

   b. coverages, other than Comprehensive Coverage and Collision Coverage, on:

      (1) the end of the 20th calendar day immediately following the date the *private passenger car* is delivered to *you* if it is in addition to the *cars* shown on the Declarations Page under "YOUR CAR"; or

      (2) the end of the policy period during which the *private passenger car* is delivered to *you* if it replaces a *car* shown on the Declarations Page under "YOUR CAR". However, if this is a renewal policy and the *private passenger car* was acquired within 20 days of the end of

7
9843A

the previous policy period, it will cease to be a *newly acquired car* at the end or the 20th calendar day immediately following the date it is delivered to *you*.

2. a *resident relative*, it ceases to be a *newly acquired car* at the end of the 20th calendar day immediately following the date it is delivered to the *resident relative*.

The broadest coverage provided by this policy for any *car* shown on the Declarations Page under "YOUR CAR" will apply to a *newly acquired car*. If a *newly acquired car* is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that *newly acquired car*, subject to a deductible of $500.

Refer to **Newly Owned or Newly Leased Car** of **GENERAL TERMS** if *you* or a *resident relative* want to insure a *private passenger car* with the *State Farm Companies* after it ceases to be a *newly acquired car*.

*Non-Owned Car* means a *car* that:

1. is in the lawful possession of *you* or any *resident relative*;

2. is not *owned by*:

   a. *you*;

   b. any *resident relative*;

   c. any other *person* who resides in *your* household; or

   d. an employer of any *person* described in a., b., or c. above; and

3. has not been operated by, rented by, or in the possession of:

   a. *you*; or

   b. any *resident relative*

   for more than 30 consecutive calendar days immediately prior to the date of the accident or *loss*. Operation, rental, or possession for any part of a day constitutes a calendar day.

*Occupying* means in, on, entering, or exiting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

*Pedestrian* means a *person* who is not *occupying*:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

*Person* means a human being.

*Private Passenger Car* means:

1. a *car* of the private passenger type, other than a pickup truck, van, or utility vehicle, designed primarily to carry *persons* and their luggage; or

2. a pickup truck, van, or utility vehicle that:

   a. is not used primarily for:

      (1) wholesale; or

      (2) retail

      pickup or delivery other than farming or ranching; and

   b. that has a Gross Vehicle Weight Rating of 25,000 pounds or less.

*Resident Relative* means a *person*, other than *you*, who resides with a *person* shown as a named insured on the Declarations Page and who is:

1. related to that named insured or that named insured's *spouse* by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her residence with that named insured; or

2. a ward or a foster child of that named insured, that named insured's *spouse*, or a *person* described in 1. above.

*Resident relative* also includes a *person* who is legally married to a named insured during a period of separation in contemplation of divorce.

*Spouse* means a *person* who is:

1. legally married to a *person* shown as a named insured on the Declarations Page; and

2. domiciled in the same household as that named insured.

*State Farm Companies* means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company;

3. State Farm County Mutual Insurance Company of Texas;

4. State Farm Lloyds; and

5. Subsidiaries or affiliates of any of the companies above.

*Temporary Substitute Car* means a *car* that is in the lawful possession of the *person* operating it and that:

1. replaces *your car* for a short time while *your car* is out of use due to its:

    a. breakdown;

    b. repair;

    c. servicing;

    d. damage; or

    e. theft; and

2. neither *you* nor the *person* operating it own or have registered.

If a *car* qualifies as both a *non-owned car* and a *temporary substitute car*, then it is considered a *temporary substitute car* only.

*Trailer* means:

1. a trailer:

    a. designed to be pulled by a *private passenger car*;

    b. not designed to carry *persons*; and

    c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a *car*.

*Us* means the Company issuing this policy as shown on the Declarations Page.

*We* means the Company issuing this policy as shown on the Declarations Page.

*You* or *Your* means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a *person*, then "*you*" or "*your*" includes a *spouse*.

*Your Car* means a vehicle shown under "YOUR CAR" on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.

If a *car* is shown on the Declarations Page under "YOUR CAR", and *you* ask *us* to replace it with a *car* newly *owned by you*, then the *car* being replaced will continue to be considered *your car* until the earliest of:

1. the end of the 30th calendar day immediately following the date the *car* newly *owned by you* is delivered to *you*;

2. the date this policy is no longer in force; or

3. the date *you* no longer own or lease the *car* being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage to the vehicles for which Symbol "A" and a corresponding premium are shown on the Declarations Page.

9
9843A

**Additional Definition**

*Insured* means:

1. *you* and *resident relatives* for:

    a. the ownership, maintenance, or use of:

        (1) *your car*;

        (2) a *newly acquired car*; or

        (3) a *trailer*; and

    b. the maintenance or use of:

        (1) a *non-owned car*; or

        (2) a *temporary substitute car*;

2. a *person* shown as a named insured on the Declarations Page and that named insured's *spouse* for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides in that named insured's household, but only if such *car* is neither *owned by*, nor furnished by an employer to, that named insured or that named insured's *spouse*;

3. any other *person* for his or her use of:

    a. *your car*;

    b. a *newly acquired car*;

    c. a *temporary substitute car*; or

    d. a *trailer* while attached to a *car* described in a., b., or c. above.

    Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or legal entity legally liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for acts or omissions of an *insured* as defined in 1., 2., or 3. above.  This provision applies only if the vehicle is:

    a. neither *owned by*, nor hired by, that other *person* or legal entity; and

    b. not being used:

        (1) to carry *persons* for a charge; or

        (2) by an *insured* while logged on as a driver to a ride sharing or car sharing application.

*Insured* does not include the United States of America or any of the Federal Government's departments or agencies.

**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:

    a. *bodily injury* to others; and

    b. damage to property, including the loss of use of such property

    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

2. *We* have the right to:

    a. investigate, negotiate, and settle any claim or lawsuit;

    b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

    c. appeal any award or legal decision

    for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

*We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident.  Supplementary payments are not subject to this policy's Liability Coverage limits:

1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

    a. that seeks damages payable under this policy's Liability Coverage; and

    b. against which *we* defend an *insured* with attorneys chosen by *us*.

*We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

   a. before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) this policy's applicable Liability Coverage limit; and

   b. after a judgment.

   *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

      (1) an arbitration;

      (2) a mediation; or

(3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *persons* injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured;

4. premiums shown on the Declarations Page; or

5. vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage:

1. that have already been paid under Personal Injury Protection Coverage of any policy issued by the **State Farm Companies** to *you* or any *resident relative*;

2. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the **State Farm Companies** to **you** or any **resident relative**; or

3. that have already been paid under Uninsured/Underinsured Motorists Coverage of any policy issued by the **State Farm Companies** to **you** or any **resident relative**.

**Exclusions**

THERE IS NO COVERAGE FOR AN **INSURED**:

1. WHO INTENTIONALLY CAUSES **BODILY INJURY** OR DAMAGE TO PROPERTY;

2. FOR **BODILY INJURY** TO:

   a. **YOU**;

   b. **RESIDENT RELATIVES**; AND

   c. ANY OTHER **PERSON** WHO BOTH RESIDES WITH AN **INSURED** AND WHO:

      (1) IS RELATED TO THAT **INSURED** BY BLOOD, MARRIAGE, OR ADOPTION; OR

      (2) IS A WARD OR FOSTER CHILD OF THAT **INSURED**.

   This exclusion applies only to the amount that this coverage exceeds the minimum limits of liability required by law;

3. OR FOR THAT **INSURED'S** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

4. FOR **BODILY INJURY** TO THAT **INSURED'S EMPLOYEE** WHICH ARISES OUT OF THAT **EMPLOYEE'S** EMPLOYMENT. This exclusion does not apply to that **insured's** household **employee** who is neither covered, nor required to be covered, under workers' compensation insurance;

5. FOR **BODILY INJURY** TO THAT **INSURED'S** FELLOW **EMPLOYEE** WHILE THE FELLOW **EMPLOYEE** IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to:

   a. **you** and **resident relatives** who are legally liable for **bodily injury** to fellow **employees**; or

   b. that **insured's** household **employee** who is neither covered, nor required to be covered, under workers' compensation insurance;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN **INSURED**;

7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE:

   a. DURING THE PERIOD OF TIME AN **INSURED**, WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE; OR

   b. WHILE IT IS BEING USED TO CARRY **PERSONS** FOR A CHARGE. This exclusion (7.b.) does not apply to the use of a **private passenger car** on a share-the-expense basis;

8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT **INSURED'S** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A **CAR BUSINESS**. This exclusion does not apply to:

   a. **you**;

   b. any **resident relative**; or

   c. any agent, **employee**, or business partner of a. or b. above

   while maintaining or using **your car**, a **newly acquired car**, a **temporary substitute car**, or a **trailer owned by you**;

9. WHILE THAT **INSURED** IS VALET PARKING A VEHICLE;

12
9843A

10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to the maintenance or use of a *private passenger car*;

11. FOR DAMAGE TO PROPERTY WHILE IT IS:

    a.  *OWNED BY*;

    b.  RENTED TO;

    c.  USED BY;

    d.  IN THE CARE OF; OR

    e.  TRANSPORTED BY

    *YOU*, A *RESIDENT RELATIVE*, OR THE *PERSON* WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:

    a.  motor vehicle *owned by* the employer of *you* or the employer of any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

    b.  residence while rented to or leased to an *insured*; or

    c.  private garage while rented to or leased to an *insured*;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION. This exclusion does not apply to the extent Liability Coverage would apply in the absence of the order of restitution;

14. WHILE USING A *TRAILER* WITH A MOTOR VEHICLE IF THAT *INSURED* IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a.  OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b.  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (15.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR

16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF THE FEDERAL GOVERNMENT'S DEPARTMENTS OR AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1.  If Liability Coverage provided by this policy and one or more other vehicle policies issued to *you* by *us* apply to the same accident, then:

    a.  the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

    b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2.  The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of *your car* or a *trailer* attached to it.

    a.  If:

13
9843A

(1) this is the only vehicle policy issued to *you* by *us* that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than *us* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as primary coverage.

b.  If:

(1) more than one vehicle policy issued to *you* by *us* provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than *us* also applies as primary coverage for the same accident,

then *we* will pay the proportion of damages payable as primary that the maximum amount that may be paid by *us* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3.  Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a.  If:

(1) this is the only vehicle policy issued to *you* by *us* that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other liability coverage that apply as excess coverage.

b.  If:

(1) more than one vehicle policy issued to *you* by *us* provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable  as excess that the maximum amount that may be paid by *us* as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1.  an *insured* is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2.  this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

14
9843A

## PERSONAL INJURY PROTECTION COVERAGE

This policy provides Personal Injury Protection Coverage to the vehicles for which Symbol "P" and a corresponding premium is shown on the Declarations Page.

**Additional Definitions**

***Essential Services*** mean services that replace services an ***insured*** would have ordinarily performed:

1. without pay;

2. during the period of disability; and

3. for the care and maintenance of the family or household.

***Insured*** means:

1. ***you*** and ***resident relatives***; and

2. any other ***person*** while ***occupying***:

   a. ***your car***;

   b. a ***newly acquired car***;

   c. a ***temporary substitute car***; or

   d. a ***trailer***:

      (1) ***owned by you***; or

      (2) while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Loss of Income*** means the difference between:

1. income which would have been earned had the ***insured*** not been injured; and

2. the amount of income actually received from employment during the period of disability.

If the income being earned as of the date of accident is a salary or fixed remuneration, it shall be used in determining the amount of income which would have been earned. Otherwise, the average monthly income earned during the period (not more than 12 months) preceding the accident shall be used.

***Personal Injury Protection Benefits*** mean:

1. Reasonable expenses incurred for necessary medical and funeral services; and

2. Eighty percent of an ***insured's loss of income*** from employment. These benefits:

   a. apply only if, at the time of the accident, the ***insured***:

      (1) was an income producer; and

      (2) was in an occupational status.

   b. do not apply to any ***loss of income*** after the ***insured*** dies; or

3. Reasonable expenses incurred for ***essential services***.

   These benefits:

   a. apply only if, at the time of the accident, the ***insured***:

      (1) was not an income producer; and

      (2) was not in an occupational status.

   b. do not apply to any expenses incurred after the ***insured*** dies.

**Insuring Agreement**

***We*** will pay ***personal injury protection benefits*** because of ***bodily injury***:

1. sustained by an ***insured***; and

2. caused by an accident involving a motor vehicle which is designed for use primarily on public roads.

***Our*** payment will only be for losses or expenses incurred within three years immediately following the date of the accident. Benefits are payable not more frequently than every two weeks and within 30 days after satisfactory proof of claim is received.

**Limit**

The Personal Injury Protection Coverage limit is shown on the Declarations Page under "Personal Injury Protection – Limit – Each Person". This limit is the most ***we*** will pay for ***personal injury protection benefits*** for any one ***insured*** as a result of any one accident, regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured;

4. premiums shown on the Declarations Page; or

5. vehicles involved in the accident.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO SUSTAINS *BODILY INJURY* IN AN INCIDENT INTENTIONALLY CAUSED BY THAT *INSURED*;

2. WHILE THAT *INSURED* IS COMMITTING A FELONY;

3. WHILE THAT *INSURED* IS ATTEMPTING TO ELUDE ARREST BY A LAW ENFORCEMENT OFFICIAL;

4. WHILE *OCCUPYING*, OR WHEN STRUCK BY, ANY MOTOR VEHICLE *OWNED BY YOU*.  This exclusion does not apply while *occupying*, or when struck by *your car*, a *newly acquired car*, or a *trailer*;

5. WHILE *OCCUPYING*, OR WHEN STRUCK BY, ANY MOTOR VEHICLE *OWNED BY* ANY *RESIDENT RELATIVE*. This exclusion does not apply:

   a. while *occupying*, or when struck by *your car*, a *newly acquired car*, or a *trailer*; and

   b. to *you*, provided that the motor vehicle is not *owned by you*; OR

6. WHO IS *OCCUPYING* A VEHICLE DURING THE PERIOD OF TIME AN *INSURED*, WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE.

**If Other Personal Injury Protection Coverage Applies**

1. If Personal Injury Protection Coverage provided by this policy and one or more other vehicle policies issued to *you* by *us* apply to the same *bodily injury*, then:

   a. the Personal Injury Protection Coverage limits of such policies shall not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Personal Injury Protection Coverage provided by this policy applies as primary coverage except for *bodily injury* sustained by an *insured* while *occupying* a vehicle not *owned by you*.

   a. If:

      (1) this is the only vehicle policy issued to *you* by *us* that provides Personal Injury Protection Coverage which applies to the accident as primary coverage; and

      (2) personal injury protection coverage provided by one or more sources other than *us* also applies as primary coverage for the same accident,

      then *we* will pay the proportion of *personal injury protection benefits* payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other personal injury protection coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* by *us* provides Personal Injury Protection Coverage which applies to the accident as primary coverage; and

      (2) personal injury protection coverage provided by one or more sources other than *us* also applies as primary coverage for the same accident,

16
9843A

then *we* will pay the proportion of *personal injury protection benefits* payable as primary that the maximum amount that may be paid by *us* as determined in 1. above bears to the sum of such amount and the limits of all other personal injury protection coverage that apply as primary coverage.

3. The Personal Injury Protection Coverage provided by this policy applies as excess coverage for *bodily injury* sustained by an *insured* while *occupying* a vehicle not *owned by you*.

   a. If:

      (1) this is the only vehicle policy issued to *you* by *us* that provides Personal Injury Protection Coverage which applies to the accident as excess coverage; and

      (2) personal injury protection coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

      then *we* will pay the proportion of *personal injury protection benefits* payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other personal injury protection coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* by *us* provides Personal Injury Protection Coverage

which applies to the accident as excess coverage; and

      (2) personal injury protection coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of *personal injury protection benefits* payable as excess that the maximum amount that may be paid by *us* as determined in 1. above bears to the sum of such amount and the limits of all other personal injury protection coverage that apply as excess coverage.

**Our Payment Options**

Payment for medical expenses will be paid directly to a physician or other health care provider if *we* receive a written assignment signed by the *insured* to whom such benefits are payable. Otherwise, *we* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*;

4. A *person* authorized by law to receive such payment unless directed otherwise by the *insured*; or

5. Any *person* or legal entity that provides the medical or funeral services unless directed otherwise by the *insured*.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage to the vehicles for which Symbol "C" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions**

*Insured* means:

1. *you* and *resident relatives*:

   a. while *occupying*:

      (1) *your car*;

      (2) a *newly acquired car*;

      (3) a *temporary substitute car*;

(4) a ***non-owned car***; or

(5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or

b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and

2. any other ***person*** while ***occupying***:

a. ***your car***;

b. a ***newly acquired car***;

c. a ***temporary substitute car***; or

d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;

2. rendered by a healthcare provider:

a. who is licensed as a healthcare provider if a license is required by law; and

b. within the legally authorized scope of that healthcare provider's practice;

3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;

4. primarily designed to serve a medical purpose;

5. not experimental; and

6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;

2. The fee specified in any fee schedule:

a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and

b. as prescribed or authorized by the law of the state where ***medical services*** are provided;

3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or

4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:

a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and

b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:

a. utilization reviews;

b. peer reviews; and

c. medical bill reviews

to determine if the incurred charges are ***medical expenses***;

2. use a medical examination of the *insured* to determine if:

    a. the *bodily injury* was caused by a motor vehicle accident; and

    b. the expenses incurred are *medical expenses*; and

3. enter into a contract with a third party that has an agreement with the *insured's* healthcare provider to charge fees as determined by that agreement.

### Limit

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most *we* will pay for the *medical expenses* and funeral expenses combined, incurred by or on behalf of any one *insured* as a result of any one accident, regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured;

4. premiums shown on the Declarations Page; or

5. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most *we* will pay for funeral expenses incurred for any one *insured* is $3,000.

### Nonduplication

*We* will not pay any *medical expenses* or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage or Uninsured/Underinsured Motorists Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*;

2. under Personal Injury Protection Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

3. by or on behalf of a party who is legally liable for the *insured's bodily injury*.

### Exclusions

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO IS STRUCK AS A *PEDESTRIAN* BY A MOTOR VEHICLE, *OWNED BY* THAT *INSURED* OR *YOU*, IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT *INSURED'S BODILY INJURY*;

3. WHO IS *OCCUPYING* A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

4. WHO IS *OCCUPYING* A VEHICLE:

    a. DURING THE PERIOD OF TIME AN *INSURED*, WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE; OR

    b. WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion (4.b.) does not apply to:

        (1) the use of a *private passenger car* on a share-the-expense basis; or

        (2) an *insured* while *occupying* a *non-owned car* as a passenger;

5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

    a. *you*;

    b. any *resident relative*; or

    c. any agent, *employee*, or business partner of a. or b. above

while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*;

6. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

7. WHILE MAINTAINING OR USING A **NON-OWNED CAR** IN ANY BUSINESS OR OCCUPATION OTHER THAN A **CAR BUSINESS** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a **private passenger car**;

8. WHO IS EITHER **OCCUPYING** OR STRUCK AS A **PEDESTRIAN** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

9. WHO IS STRUCK AS A **PEDESTRIAN** BY A VEHICLE THAT:

    a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

    b. RUNS ON RAILS OR CRAWLER-TREADS;

10. WHOSE **BODILY INJURY** RESULTS FROM WAR OF ANY KIND;

11. WHOSE **BODILY INJURY** RESULTS FROM:

    a. NUCLEAR REACTION;

    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

12. WHOSE **BODILY INJURY** RESULTS FROM THE DISCHARGE OF A FIRE-ARM;

13. WHOSE **BODILY INJURY** RESULTS FROM EXPOSURE TO **FUNGI**; OR

14. WHO IS **OCCUPYING** A VEHICLE WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMAR-ILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An **insured** shall not recover for the same **medical expenses** or funeral expenses under both this coverage and other medical payments coverage, personal injury protection coverage, or similar vehicle insurance.

2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to **you** by **us** apply to the same **bodily injury**, then:

    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and

    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

3. The Medical Payments Coverage provided by this policy applies as primary coverage for an **insured** who sustains **bodily injury** while **occupying your car** or a **trailer** attached to it.

    a. If:

        (1) this is the only vehicle policy issued to **you** by **us** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources

other than *us* also applies as primary coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to *you* by *us* provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than *us* also applies as primary coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as primary that the maximum amount that may be paid by *us* as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to *you* by *us* that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources

other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to *you* by *us* provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of *medical expenses* and funeral expenses payable as excess that the maximum amount that may be paid by *us* as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

Payment for *medical expenses* will be paid directly to a physician or other health care provider if *we* receive a written assignment signed by the *insured* to whom such benefits are payable. Otherwise, *we* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*;

4.  A *person* authorized by law to receive such payment unless directed otherwise by the *insured*; or

5.  Any *person* or legal entity that provides the *medical services* or funeral services unless directed otherwise by the *insured*.

### UNINSURED/UNDERINSURED MOTORISTS COVERAGE

This policy provides Uninsured/Underinsured Motorists Coverage to the vehicles for which Symbol "U" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions**

*Insured* means:

1.  *you*;

2.  *resident relatives*;

3.  any other *person* while *occupying*:

    a.  *your car*;

    b.  a *newly acquired car*; or

    c.  a *temporary substitute car*.

    Such vehicle must be used within the scope of *your* consent.  Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4.  any *person* or legal entity entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Property Damage* means damage to, destruction or loss of use of:

1.  *your car*;

2.  a *newly acquired car*;

3.  a *trailer owned by you*; and

4.  property:

    a.  that *you* or *resident relatives* own while contained in:

        (1) *your car*, a *newly acquired car*, a *temporary substitute car*, a *trailer owned by you*; or

        (2) any other motor vehicle designed for use on public roads that *you* or a *resident relative* do not own, but

only if such motor vehicle is being operated by *you* or a *resident relative*.

    b.  that an *insured*, other than *you* or a *resident relative*, owns while contained in *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*.

*Self-insurance*, *self-insured*, or *self-insurer* mean self-insurance, self-insured, or self-insurer under the Transportation Code, Insurance Code, or any applicable motor vehicle law.

*Uninsured Motor Vehicle* means:

1.  a land motor vehicle or any type of trailer:

    a.  the ownership, maintenance, and use of which is:

        (1) not:

            (a) insured;

            (b) *self-insured*; or

            (c) bonded

            for liability at the time of the accident; or

        (2) insured, *self-insured*, or bonded for liability at the time of the accident; but

            (a) the bonding or insuring company or the *self-insurer* denies that its policy or bond provides coverage for compensatory damages that result from the accident; or

            (b) the bonding or insuring company or the *self-insurer* is or becomes insolvent; or

    b.  the owner or driver of which remain unknown and which hits:

22
9843A

(1) *you* or a *resident relative*;

(2) a vehicle *occupied* by *you* or a *resident relative*; or

(3) *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*; or

2. an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or any type of trailer:

   a. the ownership, maintenance, and use of which is insured, *self-insured*, or bonded for liability at the time of the accident; and

   b. for which the total limits of insurance, *self-insurance*, and bonds for liability from all sources:

      (1) are not enough to pay the full amount the *insured* is legally entitled to recover as damages; or

      (2) have been reduced by payment of claims to an amount which is not enough to pay the full amount the *insured* is legally entitled to recover as damages.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or any *resident relative*;

3. *owned by* or rented to any government or any of its political subdivisions or agencies unless:

   a. the operator of the vehicle is uninsured; and

   b. there is no statute imposing liability for damage because of *bodily injury* or *property damage* on the governmental body for an amount not less than the limit of liability for this coverage;

4. designed for use primarily off public roads except while on public roads; or

5. while located for use as a dwelling or other premises.

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* or *property damage* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured*. The *bodily injury* and *property damage* must be caused by an accident that involves the ownership, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle. If *we* and *you* do not agree as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on *us*.

**Consent to Settlement**

The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.

2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:

   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

   b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

      (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

(2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

(1) file a lawsuit, in a state or federal court that has jurisdiction, against:

(a) *us*;

(b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and

(c) any other party or parties who may be legally liable for the *insured's* damages;

(2) consent to a jury trial if requested by *us*;

(3) agree that *we* may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

a. judgment obtained without *our* written consent; and

b. default judgment against any *person* or legal entity other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured/Underinsured Motorists Coverage limits for *bodily injury* are shown on the Declarations Page under "Uninsured/Underinsured Motorists Coverage – Bodily Injury Limits – Each Person, Each Accident".

a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the limit shown under "Each Person".

b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident".

2. The Uninsured/Underinsured Motorists Coverage limit for *property damage* is shown on the Declarations Page under "Uninsured/Underinsured Motorists Coverage – Property Damage Limit –Each Accident". This is the most *we* will pay for all *property damage* as the result of any one accident.

3. These Uninsured/Underinsured Motorists Coverage limits are the most *we* will pay regardless of the number of:

a. *insureds*;

b. claims made;

c. policies or bonds applicable;

d. vehicles insured;

e. premiums shown on the Declarations Page; or

f. vehicles involved in the accident.

**Nonduplication**

1. *We* will not pay under Uninsured/Underinsured Motorists Coverage any damages:

a. that have already been paid to or for the *insured*:

(1) by or on behalf of any *person* or legal entity who is or may be held legally liable for the *bodily injury*

to the *insured* or *property damage*; or

(2) for *bodily injury* or *property damage* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*;

b. that:

(1) have already been paid; or

(2) could be paid

to or for the *insured* under any workers' compensation law, disability benefits law, or similar law. *We* will also not pay any damages that could have been paid under any such law, if the *insured* had pursued a claim in timely fashion;

c. that have already been paid under the Personal Injury Protection Coverage of this policy or the personal injury protection coverage of any other policy;

d. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other motor vehicle policy, or other similar vehicle insurance; or

e. that are *property damage* paid or payable under any policy of property insurance.

2. For any *property damage* to which the Physical Damage Coverages (or similar coverage from another policy) and this coverage both apply, *you* may choose the coverage from which damages will be paid. *You* may recover under both coverages, but only if:

a. Neither one by itself is sufficient to cover the loss;

b. *You* pay the higher deductible amount (but *you* do not have to pay both deductibles); and

c. *You* will not recover more than the actual damages.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR LEGAL ENTITY WHO MAY BE LIABLE FOR THE *BODILY INJUR*Y OR *PROPERTY DAMAGE*;

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:

a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

b. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* ANY *RESIDENT RELATIVE* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*. However, if the motor vehicle is not *owned by you* or any *person* included in the definition of *you*, then this exclusion (2.b.) does not apply to *you* to the extent the Uninsured/Underinsured Motorists Coverage limit provided by this policy exceeds the uninsured/underinsured motorists coverage limit, if any, provided by a policy insuring the *resident relative's* motor vehicle;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

6. FOR AN **INSURED** WHO INTENTIONALLY CAUSES **BODILY INJURY** TO THAT **INSURED** OR **PROPERTY DAMAGE** TO PROPERTY THAT **INSURED** OWNS;

7. FOR PUNITIVE OR EXEMPLARY DAMAGES;

8. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION. This exclusion does not apply to the extent Uninsured/Underinsured Motorists Coverage would apply in the absence of the order of restitution;

9. FOR AN **INSURED** WHO IS **OCCUPYING** A VEHICLE DURING THE PERIOD OF TIME AN **INSURED**, WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE; OR

10. FOR THE FIRST $250 OF **PROPERTY DAMAGE** TO THE PROPERTY OF THAT **PERSON** RESULTING FROM ONE ACCIDENT.

**If Other Uninsured/Underinsured Motorists Coverage Applies**

1. If Uninsured/Underinsured Motorists Coverage provided by this policy and one or more other vehicle policies issued to **you** by **us** apply to the same **bodily injury**, then:

a. the Uninsured/Underinsured Motorists Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.

2. The Uninsured/Underinsured Motorists Coverage provided by this policy applies as primary coverage for an **insured** who sustains **bodily injury** while **occupying your car**.

a. If:

(1) this is the only vehicle policy issued to **you** by **us** that provides Uninsured/Underinsured Motorists Coverage which applies to the accident as primary coverage; and

(2) uninsured/underinsured motorists coverage provided by one or more sources other than **us** also applies as primary coverage for the same accident,

then **we** will pay the proportion of damages payable as primary that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other uninsured/underinsured motorists coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to **you** by **us** provides Uninsured/Underinsured Motorists Coverage which applies to the accident as primary coverage; and

(2) uninsured/underinsured motorists coverage provided by one or more sources other than **us** also applies as primary coverage for the same accident,

then **we** will pay the proportion of damages payable as primary that the maximum amount that may be paid by **us** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured/underinsured

motorists coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured/Underinsured Motorists Coverage provided by this policy applies as excess coverage.

  a. If:

    (1) this is the only vehicle policy issued to *you* by *us* that provides Uninsured/Underinsured Motorists Coverage which applies to the accident as excess coverage; and

    (2) uninsured/underinsured motorists coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

    then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured/underinsured motorists coverage that apply as excess coverage.

  b. If:

    (1) more than one vehicle policy issued to *you* by *us* provides

Uninsured/ Underinsured Motorists Coverage which applies to the accident as excess coverage; and

    (2) uninsured/underinsured motorists coverage provided by one or more sources other than *us* also applies as excess coverage for the same accident,

then *we* will pay the proportion of damages payable as excess that the maximum amount that may be paid by *us* as determined in 1. above bears to the sum of such amount and the limits of all other uninsured/underinsured motorists coverage that apply as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payments unless directed otherwise by the *insured*.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Collision Coverage if "G";

3. Emergency Road Service Coverage if "H";

4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page, but only for those vehicles for which a premium is shown for that coverage.

**Deductible**

A Comprehensive Coverage deductible or a Collision Coverage deductible applies to those vehicles for which a deductible and a corresponding coverage symbol and premium are shown on the Declarations Page. However, *we* will not deduct more than $500 for any:

1. *loss* to a *newly acquired car* if "D"; or

2. **loss caused by collision** to a **newly acquired car** if "G"

is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

**Covered Vehicle** means:

1. **your car**;

2. a **newly acquired car**;

3. a **temporary substitute car**;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a **non-owned car** while it is:

 a. being driven by an **insured**; or

 b. in the custody of an **insured** if at the time of the **loss** it is:

 (1) not being driven; or

 (2) being driven by a **person** other than an **insured** and being **occupied** by an **insured**;

6. a **non-owned trailer** while it is being used by an **insured**; and

7. a **non-owned camper** while it is being used by an **insured**;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of **trailers** and campers must be securely fixed as a permanent part of the **trailer** or camper.

**Daily Rental Charge** means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

**Insured** means **you** and **resident relatives**.

**Loss** means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a **covered vehicle**. **Loss** does not include any reduction in the value of any **covered vehicle**

after it has been repaired, as compared to its value before it was damaged.

**Loss Caused By Collision** means a **loss** caused by:

1. a **covered vehicle** hitting or being hit by another vehicle or another object; or

2. the overturning of a **covered vehicle**.

Any **loss** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a **Loss Caused By Collision**.

**Non-Owned Camper** means a camper designed to be mounted on a pickup truck that:

1. is in the lawful possession of an **insured**;

2. is not **owned by**:

 a. an **insured**;

 b. any other **person** who resides in **your** household; or

 c. an employer of any **person** described in a. or b. above; and

3. has not been used by, rented by, or in the possession of an **insured** for more than 30 consecutive calendar days immediately prior to the date of the **loss**. Use, rental, or possession for any part of a day constitutes a calendar day.

**Non-Owned Trailer** means a **trailer** that:

1. is in the lawful possession of an **insured**;

2. is not **owned by**:

 a. an **insured**;

 b. any other **person** who resides in **your** household; or

 c. an employer of any **person** described in a. or b. above; and

3. has not been used by, rented by, or in the possession of an **insured** for more than 30 consecutive calendar days immediately prior to the date of the **loss**. Use, rental, or possession for any part of a day constitutes a calendar day.

**Insuring Agreements**

1. **Comprehensive Coverage**

   *We* will pay:

   a. for *loss*, except *loss caused by collision*, to a *covered vehicle*; and

   b. transportation expenses incurred by an *insured* as a result of the total theft of *your car* or a *newly acquired car*. These transportation expenses are payable:

      (1) during the period that:

         (a) starts on the date *you* report the theft to *us*; and

         (b) ends on the earliest of:

            (i) the date the vehicle is returned to *your* possession in a drivable condition;

            (ii) the date *we* offer to pay for the *loss* if the vehicle has not yet been recovered; or

            (iii) the date *we* offer to pay for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

      (2) during the period that:

         (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

         (b) ends on the date the vehicle is repaired.

   These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

   Refer to **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** for the most *we* will pay per day and per *loss*.

2. **Collision Coverage**

   *We* will pay for *loss caused by collision* to a *covered vehicle*.

3. **Emergency Road Service Coverage**

   *We* will pay the fair cost incurred by an *insured* for:

   a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

   b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

   c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

   d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

   e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

   a. **Car Rental Expense**

      *We* will pay the *daily rental charge* incurred when an *insured* rents a *car* from a *car business* while *your car* or a *newly acquired car* is:

      (1) not drivable; or

      (2) being repaired

      as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage.

      *We* will pay this *daily rental charge* incurred during a period that:

      (1) starts on the date:

         (a) the vehicle is not drivable as a result of the *loss*; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

(c) seven days after *we* offer to pay for the *loss* if the vehicle is:

(i) a total loss as determined by *us*; or

(ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by an *insured* must be reported to *us* before *we* will pay such amount.

Refer to **Car Rental Expense** of **Limits – Car Rental and Travel Expenses Coverage** for the most *we* will pay.

b. **Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not drivable as a result of a *loss* which would be payable under Comprehensive Coverage or Collision Coverage. The *loss* must occur more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

(a) starts after the *loss* occurs; and

(b) ends on the earlier of:

(i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the *insured* waits for repairs before continuing on

to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

Refer to **Travel Expenses** of **Limits – Car Rental and Travel Expenses Coverage** for the most *we* will pay.

c. **Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive coverage deductible or collision coverage deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

Refer to **Rental Car – Repayment of Deductible Expense** of **Limits – Car Rental and Travel Expenses Coverage** for the most *we* will pay.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage or Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured*

or the owner of the **covered vehicle**, if the **covered vehicle** is not drivable;

2. store the **covered vehicle**, if it is not drivable immediately after the **loss**, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an **insured** or the owner of the **covered vehicle**; and

   b. any one repair facility chosen by the owner of the **covered vehicle**, and **we** determine such vehicle is a total loss.

   If the owner of the **covered vehicle** consents, then **we** may move the **covered vehicle** at **our** expense to reduce storage costs. If the owner of the **covered vehicle** does not consent, then **we** will pay only the storage costs that would have resulted if **we** had moved the damaged **covered vehicle**; and

3. clean up debris from the **covered vehicle** at the location of the **loss**. The most **we** will pay to clean up the debris is $250 for any one **loss**.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. **We** have the right to choose to settle with **you** or the owner of the **covered vehicle** in one of the following ways:

   a. Pay the cost to repair the **covered vehicle** minus any applicable deductible.

      (1) **We** have the right to choose one of the following to determine the cost to repair the **covered vehicle**:

         (a) The cost agreed to by both the owner of the **covered vehicle** and **us**;

         (b) A bid or repair estimate approved by **us**; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

            (ii) the paintless dent repair price that is competitive in the market; or

            (iii) a combination of (i) and (ii) above.

      The prevailing competitive price means prices charged by a majority of the repair market in the area where the **covered vehicle** is to be repaired as determined by a survey made by **us**. If asked, **we** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the **covered vehicle** to its pre-loss condition.

      **You** agree with **us** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

      (2) The cost to repair the **covered vehicle** does not include any reduction in the value of the **covered vehicle** after it has been repaired, as compared to its value before it was damaged.

      (3) If **you** and **we** agree, then windshield glass will be repaired instead of replaced;

   b. Pay the actual cash value of the **covered vehicle** minus any applicable deductible.

      (1) The owner of the **covered vehicle** and **we** must agree upon the actual cash value of the **covered vehicle**. If there is disagreement as to the actual cash value of the **covered vehicle**, then the disagreement will be resolved by appraisal upon written request of the owner or **us**, using the following procedures:

         (a) The owner and **we** will each select a competent appraiser.

31
9843A

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or *we* may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c.  Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2.  The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3.  The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1.  **Car Rental Expense**

    The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

    a.  The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

        (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount; or

        (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

    b.  Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2.  **Travel Expenses**

    The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3.  **Rental Car – Repayment of Deductible Expense**

    The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

1.  ***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from,

32
9843A

or on behalf of, a party who is legally liable for the *loss* or expense.

2. For any damage to property to which the Uninsured/Underinsured Motorists Coverage (from this or any another policy) and one of the Physical Damage Coverages both apply, *you* may choose the coverage from which damages will be paid. *You* may recover under both coverages, but only if:

   a. Neither one by itself is sufficient to cover the *loss*;

   b. *You* pay the higher deductible amount (but *you* do not have to pay both deductibles); and

   c. *You* will not recover more than the actual damages.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE***:

   a. DURING THE PERIOD OF TIME THE DRIVER OF THE ***COVERED VEHICLE*** IS LOGGED ON AS A DRIVER TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK; OR

   b. WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion (3.b.) does not apply to the use of a *private passenger car* on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR LEGAL ENTITY UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***. This exclusion does not apply if the *fungi* result from a *loss* which would be payable under Comprehensive Coverage or Collision Coverage;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. **LOSS** TO ANY **COVERED VEHICLE** THAT RESULTS FROM WAR OF ANY KIND;

11. **YOUR CAR** WHILE SUBJECT TO ANY:

  a.  RENTAL AGREEMENT; OR

  b.  LEASE AGREEMENT

  NOT SHOWN ON THE DECLARA-TIONS PAGE;

12. ANY **NON-OWNED CAR** WHILE IT IS:

  a.  BEING MAINTAINED OR USED BY ANY **PERSON** WHILE THAT **PERSON** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A **CAR BUSINESS**; OR

  b.  USED IN ANY BUSINESS OR OC-CUPATION OTHER THAN A **CAR BUSINESS**.  This exclusion (12.b.) does not apply to a **private passenger car**;

13. ANY PART OR EQUIPMENT OF A **COVERED VEHICLE** IF THAT PART OR EQUIPMENT:

  a.  FAILS OR IS DEFECTIVE; OR

  b.  IS DAMAGED AS A DIRECT RE-SULT OF:

   (1) WEAR AND TEAR;

   (2) FREEZING; OR

   (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAK-DOWN OR MALFUNCTION

  OF THAT PART OR EQUIPMENT.

  This exclusion does not apply if the **loss** is the result of theft of the **covered vehicle**;

14. ANY PART OR EQUIPMENT:

  a.  THAT IS NOT LEGAL FOR USE IN OR ON THE **COVERED VEHICLE** IN THE JURISDICTION WHERE THE **COVERED VEHICLE** IS REG-ISTERED; OR

  b.  THE USE OF WHICH IS NOT LE-GAL IN THE JURISDICTION WHERE THE **COVERED VEHICLE**

IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE **COVERED VEHICLE**.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the **covered vehicle**, then **we** will pay the cost that **we** would other-wise have paid to repair the vehicle with the legal version of the part or equipment. **We** will not pay any cost necessary to mod-ify the vehicle for installation of the legal version of the part or equipment;

15. TIRES.  This exclusion does not apply if:

  a.  **loss** is caused by missiles, falling ob-jects, windstorm, hail, fire, explosion, earthquake, water, flood, total or par-tial theft, malicious mischief, vandal-ism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

  b.  **loss caused by collision** to:

   (1) another part of the **covered vehicle** causes **loss** to tires; or

   (2) tires is caused by direct contact with another vehicle;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECON-STRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEAS-URING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

  a.  DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

  b.  **OWNED BY** AN **INSURED**; AND

  c.  NOT SHOWN ON THE DECLARA-TIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a.  BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b.  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING.   This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to ***you*** by ***us*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

    If similar coverage provided by one or more sources other than ***us*** also applies as primary coverage for the same ***loss*** or expense, then ***we*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by ***us*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

    If similar coverage provided by one or more sources other than ***us*** also applies as excess coverage for the same ***loss*** or

expense, then ***we*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by ***us*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***.   Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

    However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed.   The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

    a.  ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

        (1) ***You***;

        (2) The repairer unless directed otherwise by the ***insured***; or

        (3) A creditor shown on the Declarations Page, to the extent of its interest.

b. **We** may make payment to one or more of the following for **loss** to a **covered vehicle** not **owned by you**:

(1) **You**;

(2) The owner of such vehicle;

(3) The repairer; or

(4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

**We** may make payment to one or more of the following:

a. **You**;

b. The **insured** who incurred the expense; or

c. Any party that provided the service for which payment is owed unless directed otherwise by the **insured**.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

#### Additional Definition

**Insured** means a **person** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

#### Insuring Agreement

**We** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an **insured**:

1. dies; or

2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The **insured** must be **occupying** or be struck as a **pedestrian** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

#### Benefit

The applicable benefit shown in the schedule is the most **we** will pay for any one **insured** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

The benefits shown in the schedules are doubled for an **insured** who at the time of the accident was **occupying** a **private passenger car** and using a seat belt in the manner recommended by the vehicle's manufacturer.

#### Death, Dismemberment and Loss of Sight Benefits Schedules

| If the amount shown on the Declarations Page for the **insured** is $5,000, then **we** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist.  The foot must be cut off through or above the ankle.  The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the **insured** is $10,000, then **we** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand and one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist.  The foot must be cut off through or above the ankle.  The whole thumb or finger must be cut off.

## LOSS OF EARNINGS COVERAGE

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

**Insured** means a **person** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

**Total Disability** means the **insured's** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

**Weekly Earnings** means 85% of all earnings for the **insured's** services before any deductions.  When **weekly earnings** cannot be determined on a weekly basis an average will be used.  The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

### Insuring Agreement

**We** will pay the **insured** his or her loss of **weekly earnings**, which occur while the **insured** is living, due to continuous **total disability** that:

1.  is the direct result of **bodily injury** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.  At the time of the accident, the **insured** must be **occupying** or be struck as a **pedestrian** by a land motor vehicle or any type of trailer; and

2.  starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days.  **We** will not pay for the first seven days of the 30 day period.

### Limit

The most **we** will pay any one **insured** is:

1.  $250 for each full workweek of **total disability**; and

2.  a pro rata portion of $250 for less than a full workweek of **total disability**.

Subject to the workweek limit, the most **we** will pay any one **insured** for all loss of **weekly earnings** due to any one accident is $15,000.

**We** will pay once every two weeks the **insured's** loss of **weekly earnings** owed.

### Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN **INSURED**:

1.  WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A **CAR BUSINESS**;

2.  WHILE **OCCUPYING**, LOADING, OR UNLOADING:

a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

   (1) *INSURED'S* BUSINESS; OR

   (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A *CAR BUSINESS*.

This exclusion (2.b.) does not apply if the vehicle is a *private passenger car*;

c. A MILITARY VEHICLE; OR

d. A VEHICLE WHILE IT IS:

   (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;

3. WHILE *OCCUPYING*, LOADING, UNLOADING, OR WHO IS STRUCK AS A *PEDESTRIAN* BY:

a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR *TOTAL DISABILITY* THAT RESULTS FROM:

a. WAR OF ANY KIND;

b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c. THE DISCHARGE OF A FIREARM;

d. EXPOSURE TO *FUNGI*;

e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE *INSURED* WAS SANE OR INSANE; OR

f. DISEASE except pus-forming infection due to *bodily injury* sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* or legal entity authorized by law to receive such payment unless directed otherwise by the *insured*.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible.  The notice must give *us*:

   a. *your* name;

   b. the names and addresses of all *persons* involved in the accident or *loss*;

   c. the hour, date, place, and facts of the accident or *loss*; and

   d. the names and addresses of witnesses to the accident or *loss*.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

   b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The *insured* must cooperate with *us* and, when asked, assist *us* in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The *insured* must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any *person* or legal entity making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each *insured*;

   b. Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured/Underinsured Motorists Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each *insured*, and any other *person* or legal entity making claim or seeking payment; and

   c. Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or legal entity making claim or seeking payment;

   must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require.  Such *person* or legal entity must answer questions under oath, asked by anyone *we* name, and sign copies of the answers.  *We* may require each *person* or legal entity answering questions under oath to answer the questions with only that *person's* or legal entity's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.  However, a parent or guardian of the *insured*, if the *insured* is a minor, may also be present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a *loss*, *you* or the owner of the *covered vehicle* must:

   a. protect the *covered vehicle* from additional damage.  *We* will pay any reasonable expense incurred to do so that is reported to *us*;

   b. make a prompt report to the police when the *loss* is the result of theft;

   c. allow *us* to:

      (1) inspect any damaged property:

(a) before its repair or disposal; and

(b) during its repair;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all pertinent:

(1) records;

(2) receipts;

(3) invoices; and

(4) authorizations

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured/Underinsured Motorists Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured/Underinsured Motorists Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury.  If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of

the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical records which are reasonably related to the ***bodily injury***; and

(b) any other pertinent information necessary to substantiate the claim, including:

(i) medical bills; and

(ii) wage, salary, and employment information.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured/Underinsured Motorists Coverage must:

(1) promptly report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police and to ***us***;

(2) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

(3) when there is ***property damage***:

(a) protect the damaged property from additional damage.  ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

(b) allow *us* to:

   (i) inspect any damaged property:

      1) before its repair or disposal; and

      2) during its repair

   (ii) test any part or equipment before that part or equipment is removed or repaired; and

   (iii) move the damaged property at *our* expense in order to conduct such inspection or testing;

(c) provide *us* all pertinent:

   (i) records;

   (ii) receipts;

   (iii) invoices; and

   (iv) authorizations

   that *we* request and allow *us* to make copies; and

(d) not abandon the damaged property to *us*; and

c. Loss of Earnings Coverage must:

   (1) make a claim under this policy;

   (2) report to *us* when that *person* has a *total disability*; and

   (3) provide proof of continued *total disability* when *we* ask for it.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period.  The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid.  The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

3. **Limited Coverage in Mexico**

### WARNING

### READ THIS PROVISION CAREFULLY!

Auto accidents in Mexico are subject to the laws of Mexico only — NOT the laws of the United States of America.  Unlike the United States, the Republic of Mexico considers an auto accident a **CRIMINAL OFFENSE** as well as a civil matter.

In some cases, the coverage provided by this provision may NOT be recognized by Mexican authorities and the company may not be allowed to implement this coverage at all in Mexico.  You should consider purchasing auto coverage from a licensed Mexican Insurance Company before driving in Mexico.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of

America border and only for *insureds* as defined under each of the following coverages:

a. **Liability Coverage**

For claims brought against an *insured* in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

*We* may, in addition to the damages described in item 1. of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at *our* option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an *insured* must be reported to *us* before *we* will make payment. These payments are not subject to this policy's Liability Coverage limits.

b. **Medical Payments Coverage**

c. **Physical Damage Coverages**

Any amount payable for the repair or replacement of the *covered vehicle* under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

*WE* HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

*WE* HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF TEXAS IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state of Texas in the United States of America.

**Additional Exclusions**

We do not provide any coverage:

a. if *your car* is not principally garaged and used in the United States of America; and

b. to any *person* who does not live in the United States of America.

4. **Newly Owned or Newly Leased Car**

If:

a. *you* want to insure a *private passenger car* newly *owned by you* with the *State Farm Companies* after that *private passenger car* ceases to be a *newly acquired car*, then *you* must:

(1) request *we* replace a *car* currently shown on the Declarations Page of this policy with the *private passenger car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

(a) before the *private passenger car* newly *owned by you* ceases to be a *newly acquired car*, then that *private passenger car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *private passenger car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

42
9843A

(b) after the *private passenger car* newly *owned by you* ceases to be a *newly acquired car*, then that *private passenger car* newly *owned by you* will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date;

(2) ask *us*, on or before the 20th day after *you* become owner or lessee, to add the *private passenger car* to *your* policy and pay *us* any amount due. If *you* ask *us* to add the *car* after the 20th day, then coverage will be provided only if both the applicant and the vehicle are eligible for coverage. The added amount due will be calculated based on the date the *car* is added to the policy; or

(3) apply to the *State Farm Companies* for a separate policy to insure the *private passenger car* newly *owned by you*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

b. a *resident relative* wants to insure a *private passenger car* newly *owned by* the *resident relative* with the *State Farm Companies* after that *private passenger car* ceases to be a *newly acquired car*, then the *resident relative* must apply to the *State Farm Companies* for a separate policy to insure the *private passenger car* newly *owned by* the *resident relative*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

5. **Changes to This Policy**

   a. **Changes in Policy Provisions**

      (1) Subject to 5.a.(2) below, this policy may only be changed by issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

(2) If *we* change this policy to give broader coverage without an additional premium charge, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Texas without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

      (1) No change of interest in this policy is effective unless *we* consent in writing.

      (2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

         (a) any *person* with lawful custody of *your car*, a *newly acquired car*, or a *temporary substitute car* until a legal representative is qualified; and then

         (b) the legal representative of the deceased named insured.

      This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

      Policy notice requirements are met by mailing the notice to the most recent policy address that *we* have on record for the deceased named insured.

   c. **Joint and Individual Interests**

      If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

   d. **Change of Policy Address**

      *We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to

the most recent address provided to **us** by:

    (1) **you**; or

    (2) the United States Postal Service.

6. **Premium**

    a. Unless as otherwise provided by an alternative payment plan in effect with the **State Farm Companies** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Auto Renewal.

    b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

    c. The premium for this policy may vary based upon:

        (1) the purchase of other products or services from the **State Farm Companies**;

        (2) the purchase of products or services provided by a legal entity that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that legal entity; or

        (3) an agreement, concerning the insurance provided by this policy, that the **State Farm Companies** has with a legal entity of which **you** are a member, employee, subscriber, licensee, or franchisee.

    d. The premium for this policy is based upon information **we** have received from **you** or other sources. **You** must inform **us** if any information regarding the following is incorrect or incomplete, or

changes during the policy period, and **you** must answer questions **we** ask regarding the following:

    (1) **Your car**, or its use, including annual mileage;

    (2) The **persons** who regularly drive **your car**, including newly licensed members of **your** family;

    (3) **Your** marital status; or

    (4) The location where **your car** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to **us** when **we** ask, then **we** may decrease or increase the premium during the policy period. If **we** decrease the premium during the policy period, then **we** will provide a refund or a credit in the amount of the decrease. If **we** increase the premium during the policy period, then **you** must pay the amount of the increase.

7. **Renewal**

**We** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless **we** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 8. and 9. below.

8. **Nonrenewal**

If **we** decide not to renew this policy, then, at least 30 days before the end of the current policy period, **we** will mail or deliver a nonrenewal notice to the most recent policy address that **we** have on record for the named insured who is shown on the Declarations Page.

If **we** fail to provide notice of nonrenewal at least 30 days before the end of the current policy period, then **we** will renew this policy, at **your** request, at the expiration of the current policy period. Notwithstanding **our** failure to provide notice of nonrenewal at least 30 days before the end of the current

policy period, this policy will terminate on the effective date of any replacement or succeeding policy issued to *you* by another insurance carrier.

*We* will only nonrenew this policy on an annual anniversary of its original effective date.

*We* will not nonrenew this policy based solely on:

a. the age of *you* or any *resident relative*; or

b. the fact that *you* are an elected official.

9. **Cancellation**

a. **How You May Cancel**

*You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

b. **How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective, which will be at least 10 days after the date *we* mail or deliver the cancellation notice.

After this policy has been in force for more than 59 days, *we* will not cancel this policy unless:

(1) *you* submit a fraudulent claim;

(2) the premium is not paid when due; or

(3) the driver's license or the motor vehicle registration of:

    (a) *you*;

    (b) any *resident relative*; or

    (c) any other *person* who usually drives *your car*

has been suspended or revoked. *We* will not cancel this policy if *you* agree, by the attachment of an endorsement naming such *person*, that *we* shall not be liable and no liability or obligation of any kind shall attach to *us* for *bodily injury*, *loss* or damage under any of the coverages of this policy while any motor vehicle is operated by the *person* named.

*We* will not cancel this policy based solely on the fact that *you* are an elected official.

c. **Return of Unearned Premium**

Premium will be earned on a pro rata basis.

Any unearned premium will be returned no later than the 15th *business day* after the date cancellation is effective.

10. **Assignment**

No assignment of benefits, except as provided for in **Our Payment Options** of Personal Injury Protection Coverage or Medical Payments Coverage, or other transfer of rights is binding upon *us* unless approved by *us*.

11. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

12. **Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

13. **Our Right to Recover Our Payments**

Personal Injury Protection Coverage, Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by *us*. Under all other coverages, the following apply:

a.  **Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or legal entity who has a legal right to collect from another *person* or legal entity, then *we* will be subrogated to that right to the extent of *our* payment.  This does not apply under the Physical Damage Coverages to a *person* using a *covered vehicle* within the scope of *your* consent.

The *person* or legal entity to or for whom *we* make payment must help *us* recover *our* payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents *we* may need to assert that legal right; and

(3) taking legal action through *our* representatives when *we* ask.

A release of an insurer of an underinsured motor vehicle does not prejudice *our* rights.

b.  **Reimbursement**

If *we* make payment under this policy and the *person* or legal entity to or for whom *we* make payment recovers or has recovered from another *person* or legal entity, then the *person* or legal entity to or for whom *we* make payment must:

(1) hold in trust for *us* the proceeds of any recovery; and

(2) reimburse *us* to the extent of *our* payment.

However, if *we* have consented in writing to a settlement under the Uninsured/Underinsured Motorists Coverage, then *we* will not claim the amount recovered from an insurer of an underinsured motor vehicle.

14. **Legal Action Against Us**

Legal action may not be brought against *us* until there has been full compliance with all the provisions of this policy.  In addition, legal action may only be brought against *us* regarding:

a.  Liability Coverage after the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and *us*.

b.  Medical Payments Coverage if the legal action relating to this coverage is brought against *us* within two years and one day after the cause of action first accrues.

c.  Uninsured/Underinsured Motorists Coverage if the *insured* or that *insured's* legal representative:

(1) presents an Uninsured/Underinsured Motorists Coverage claim to *us*; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision.

Except as provided in c.(2) above, no other legal action may be brought against *us* relating to Uninsured/ Underinsured Motorists Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**. Any such other legal action must be brought against us within two years and one day after the cause of action first accrues.

d.  Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within two years and one day after the cause of action first accrues.

46
9843A

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Texas will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

17. **Electronic Delivery**

With *your* consent, *we* may electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means.  Proof of transmission will be sufficient proof of notice.

18. **Notice of a Claim**

a. Within 15 days after *we* receive *your* written notice of claim, *we* shall:

(1) acknowledge receipt of the claim. If *our* acknowledgement of the claim is not in writing, *we* will keep a record of the date, manner, and content of *our* acknowledgement.

(2) begin any investigation of the claim.

(3) request from *you* all items, statements, and forms *we* reasonably believe, at that time, will be required from *you*.

*We* may request more information, if during the investigation of the claim such additional requests are necessary.

b. After *we* receive the information required to secure final proof of loss, *we* must notify *you* in writing whether the claim will be accepted or rejected or whether additional time is needed:

(1) within 15 *business days*; or

(2) within 30 days if *we* have a reasonable basis to believe the loss resulted from arson.

c. If *we* do not accept *your* claim, *we* must:

(1) give the reasons for rejecting *your* claim, or

(2) give the reasons *we* need additional time to process *your* claim. *We* shall accept or reject *your* claim no later than 45 days after the date *we* request additional time.

d. In the event of a weather-related catastrophe or major natural disaster, as defined by the Texas Department of Insurance, the claim-handling deadlines as stated above are extended for an additional 15 days.

e.   Loss Payment

(1)   If *we* notify *you* that *we* will pay *your* claim, or part of *your* claim, *we* must pay within 5 *business days* after *we* notify *you*.

(2)   If payment of *your* claim, or part of *your* claim, is conditioned upon the performance of an act by *you*, *we* must pay within 5 *business days* after the date the act is performed.

f.   Notice of Settlement of Liability Claim

(1)   *We* will notify *you* in writing of any initial offer to settle a claim against *you* under the liability section of this policy. *We* will give *you* notice within 10 days after the date the offer is made.

(2)   *We* will notify *you* in writing of any settlement of a claim against *you* under the liability section of this policy. *We* will give *you* notice within 30 days after the date of the settlement.

Policy Form 9843A
©, Copyright, State Farm Mutual Automobile Insurance Company, 2015

PRIVATE PROCESS

**Case Number: 2023CI05845**

Laura Buenrostro VS State Farm Mutual
Automobile Insurance Company
(Note: Attached Document May Contain Additional
Litigants)

IN THE **438TH DISTRICT COURT**

BEXAR COUNTY, TEXAS

**CITATION**

"THE STATE OF TEXAS"

Directed To:   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT MICHEAL TIPSORD**

**MICHAEL TIPSORD**

**APR 18 2023**

**STEVE MCMANUS**

APR 19 2023

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Original Petition** was filed **on this the 23rd day of March, 2023.**
ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 28th day of March, 2023.**

**JOHN GONZALES
ATTORNEY FOR PLAINTIFF
629 S PRESA
SAN ANTONIO TX 78210**



**Gloria A. Martinez
Bexar County District Clerk
101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
By: /s/ Ana Cortijo
Ana Cortijo, Deputy

---

LAURA BUENROSTRO VS STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

Case Number: 2023CI05845

438th District Court

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ____M. and (  ) executed it by delivering a copy of the

CITATION with attached **ORIGINAL PETITION** the date of delivery endorsed on it to the defendant _____ in

person on the _____ day of _____, 20____ at _____ o'clock ____ M.

at _____ City_____ State_____ Zip_____

or (  ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas

BY:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my
address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State
of Texas, on the _____ day of _____, A.D., _____.

_____
Declarant

FILED
3/23/2023 3:53 PM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Elvira Ramirez
Bexar County - 438th District Court

**2023CI05845**

CAUSE NO._____

| | | |
|---|---|---|
| LAURA BUENROSTRO | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| SATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Laura Buenrostro, Plaintiff in the above styled and numbered cause, hereinafter referred to as Plaintiff, complaining of Defendant, State Farm Mutual Automobile Insurance Company, hereinafter referred to as Defendant for cause of action would respectfully show the Court and jury as follows:

### I.
### PARTIES

A.    Plaintiff resides in San Antonio, Bexar County, Texas.

B.    Defendant, State Farm Mutual Automobile Insurance Company is a duly incorporated insurance company authorized to do business in and doing business in the State of Texas.  Said Defendant may be served with citation herein by serving, the CEO of State Farm Mutual Automobile Insurance Company, Michael Tipsord, 1 State Farm Plaza, Bloomington, Illinois, 61710.

### II.
### VENUE

Venue is proper in Bexar County, Texas, pursuant to §15.001, §15.002 (a), and §15.032, TEX. CIV. PRAC. & REM. CODE, in that all of Plaintiff resides in Bexar County, Texas.

### III.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery herein pursuant to Level 3, set forth under TEX. R. CIV. P. 190.4.

1752-UIM.ORIG PET

1

**IV.**

Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff in a collision on or about December 6, 2021. Plaintiff was driving westbound on Guenter, in San Antonio, Bexar County, Texas, while Guadalupe Valasques Landin was operating a vehicle on the same roadway in Bexar County, Texas. As a result of his inattention, Guadalupe Valasques Landin committed negligence while operating his vehicle and it collided with Plaintiff. As a result of the collision described above, Plaintiff suffered and sustained severe bodily injuries and damages to her person and body generally and for which sums Plaintiff now sues. Plaintiff would further show that at the times and places in question, Guadalupe Valasques Landin was guilty of acts of omission and commission which constituted negligence and negligence per se, and such acts and omissions, singularly or in combination with others, were a proximate cause or causes of the collision in question and of the serious bodily injuries and damages to Plaintiff. The impact from the collision caused serious bodily injury to Plaintiff, which was proximately caused by the negligence of Guadalupe Valasques Landin.

**V.**

At all times material to this lawsuit, Plaintiff had a contract and policy of automobile insurance in force and effect with Defendants, State Farm Mutual Automobile Insurance Company (policy number 171 1537-G26-53P 004), which includes coverage for damages caused by an uninsured/underinsured motorist (UIM).     Plaintiff asserts that Mr. Landin is an uninsured/underinsured motorists, and therefore she sues Defendants, State Farm Mutual Automobile Insurance Company (policy number 171 1537-G26-53P 004), for the full amount of damages within the jurisdictional limits of this court.

Plaintiff further states that all conditions precedent to bringing this action against State Farm Mutual Automobile Insurance Company (policy number 171 1537-G26-53P 004), have been met.

Plaintiff further shows that she is entitled to attorney's fees incurred in pursuing her claim under the policies referenced above. State Farm Mutual Automobile Insurance Company (policy number 171 1537-G26-53P 004), have failed and refused, and still fails and refuses to pay Plaintiff the reasonable benefits under this policy that it is contractually required to do. Defendant's insurance company is liable to Plaintiff for damages in a sum within the jurisdictional limits of this court.

## VI.

Plaintiff, Laura Buenrostro, has produced evidence of a serious injury resulting from the collision at issue to State Farm Mutual Automobile Insurance Company. State Farm Mutual Automobile Insurance Company has failed to properly evaluate Laura Buenrostro's claims resulting in Laura Buenrostro to file suit. State Farm Mutual Automobile Insurance Company has failed to affirm or deny coverage of Ms.Buenrostro's claim within a reasonable period of time, all in violation of TEX.INS. CODE §542.055 et. seq. §542.061.

## VII.

By way of the above conduct, Defendants have engaged in unfair and deceptive acts and practices in the business of insurance, including but not limited to: failing to attempt in good faith to effectuate a prompt, fair and equitable settlement when Defendant's liability was reasonably clear; without conducing a prompt and reasonable investigation; unexcused delay in notice of and reasons for denial; and misrepresenting the reasons for delay and denial, all in violation of TEX.INS. CODE §541.060 (a) (1) AND (2) (a) (b), (4) (a) (b), (5), (7) and (8).

Moreover, said conduct constitutes deceptive acts upon which Plaintiff relied to her detriment under TEX.BUS. & COM. CODE §17.46 (b) (5),(7), and (12). Thus, Plaintiff is entitled to recover all actual damages, costs, and attorney fees, as well as up to three times the actual damages because Defendants knowingly engaged in the prohibited conduct.

## VIII.

Further, Defendants committed fraudulent conduct as defined and prohibited by TEX.INS. CODE §541.061(1), (2), (3), (4), and (5) (*i*) and (*ii*), in that Defendants knowingly or intentionally made false, misleading statements; misrepresented or concealed material facts; fabricated, altered, concealed, or destroyed a document; or conspired to commit the foregoing, all to wrongfully deny payment of uninsured/underinsured benefits to Plaintiff. Said fraudulent conduct of Defendants was willful, intentional, wanton, and malicious, and has been a producing or proximate cause of damages to Plaintiff, thus entitling Plaintiff to an award of exemplary damages.

## IX.

Further, Defendants breached the duty of good faith and fair dealing in the handling, investigation, delay, and denial of Plaintiff's lawful and compensation claim, by denying the claim when Defendants knew or should have known that liability and the extent of injuries was reasonably clear.

## X.

Defendant's fraud and bad faith are a producing or proximate cause of actual damages to Plaintiff, including mental anguish, benefits, unreasonable and unnecessary financial loss and loss of good credit, and the genuine likelihood of grievous physical injury or financial catastrophe, all of which Plaintiff sustained in the past and in all probability will sustain in the future. Moreover, Plaintiff is entitled to an award of statutory additional damages pursuant to TEX.INS. CODEART.541.152 and any other applicable insurance codes, as well as costs and attorney's fees, and an award of exemplary damages for Defendant's intentional, willful, and malicious fraud, breach of the duty of good faith and fail dealing, and the statutory and common law duties set forth above, all in an amount within the jurisdictional limits of the court.

## XI

Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant State Farm Mutual Automobile Insurance Company at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 that she is entitled to recover from Defendant State Farm Mutual Automobile Insurance Company her damages resulting from the motor vehicle collision of December 6, 2021, that those damages fall within the coverage afforded him under the Defendant State Farm Mutual Automobile Insurance Company's insurance policy, and specifying the amount of damages, attorney fees, interest, and court costs that Defendant State Farm Mutual Automobile Insurance Company is obligated to pay.

## XII

State Farm Mutual Automobile Insurance Company, was at the time of the occurrence described above, obligated to provide underinsured motorist benefits to the Plaintiff as the term is defined in the policy of insurance. Plaintiff timely and properly notified State Farm Mutual Automobile Insurance Company of the accident and furnished Defendant with all the medical records and bills requested.

Plaintiff has fully complied with all the conditions of the above-mentioned insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Nevertheless, State Farm Mutual Automobile Insurance Company has failed and refused, and still fails and refuses, to pay Plaintiff's Underinsured Motorist benefits due under this policy, as it is contractually required to do so. State Farm Mutual Automobile Insurance Company has breach the Underinsured Motorist provision of the insurance contract. State Farm Mutual Automobile Insurance Company has hired an outcome oriented agent to delay payment of the UIM benefits and to deny paying valid benefits under the policy. Accordingly, Plaintiff sues Defendant for breach of contract.

## XIII.

As a result of the collision above described, Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment, disfigurement, scarring, in the past and future. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries. Plaintiff has been caused to incur medical expenses in the past and will continue to incur medical expenses in the future for treatment of Plaintiff's injuries.

## XIV

By reason of the above and foregoing, Plaintiff has suffered losses and damages in a reasonable sum within the jurisdictional limits of the Court and for which he hereby sues.

WHEREFORE, Plaintiff prays that Defendants be duly cited to appear and answer herein and that upon a final trial of this cause, Plaintiff recover: judgment against Defendants for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court; judgment against Defendants for exemplary damages as set forth above in an amount within the jurisdiction limits of this Court; pre-judgment interest on Plaintiff's damages as allowed by law; interest on the judgment at the legal rate from the date of judgment; costs of court; and such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

JOHN GONZALES & ASSOCIATES, P.C.
629 S. Presa
San Antonio, TX 78210-10583
(210) 227-6305
(210) 227-6327, Facsimile
jgonlaw@gmail.com

By: _____
JOHN GONZALES
State Bar No. 08119300

PLAINTIFF DEMANDS TRIAL BY JURY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

amanda Barreiro on behalf of John Gonzales
Bar No. 08119300
amandajg629@gmail.com
Envelope ID: 73961792
Filing Code Description: Petition
Filing Description:
Status as of 3/24/2023 8:10 AM CST

Associated Case Party: Laura Buenrostro

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Gonzales | | jgonlaw@gmail.com | 3/23/2023 3:53:37 PM | SENT |

**DAVILA CIVIL PROCESS**

P.O. Box 1733
Helotes, Texas 78023

7020 2450 0000 2452 1015





U.S. POSTAGE PAID
FCM LG ENV
SAN ANTONIO, TX
78238
APR 03, 23
AMOUNT

**$9.00**

RDC 99          61710          R2305E125101-05



41000110818ST00

## CORP HDQ 812 E-12

TIPSORD,MICHAEL
Alias : CDRF
Dept# : 100801812
Dept  : CORPORATE EXECUTIVE
Phone : 3097667009

Pallet #:

Carrier: #: USPS
Tracking #: 70202450000024521015
Reference #:

　　　　　　---ALERT INFORMATION--

Alert #:

Instructions:

　　　　　　---ADDITIONAL INFORMATION-

State Farm Mutual Automobile
Insurance Company
C/O CEO, MICHAEL TIPSORD
1 State Farm Plaza
Bloomington, Illinois 61710

4/13/2023 8:37:

FILED
5/8/2023 10:52 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Wendy Rodriguez
Bexar County - 438th District Court

Case 5:23-cv-00637-XR   Document 1-2   Filed 05/18/23   Page 66 of 69

**CAUSE NO. 2023CI05845**

| | | |
|---|---|---|
| LAURA BUENROSTRO | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant State Farm Mutual Automobile Insurance Company (hereafter "Defendant") hereby files its Original Answer and would respectfully show the Court as follows:

## I.    GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petitio*n* pursuant to Rule 92 of the Texas Rules of Civil Procedure, and any subsequent amendments thereof, pursuant to Rule 92, and demands strict proof thereof by a preponderance of the credible evidence.

## II.    CONDITIONS PRECEDENT

Defendant specifically denies that all conditions precedent to recover under the automobile insurance policy at issue have occurred.[1] At the time Plaintiff filed suit, Plaintiff had not established the liability of the alleged tortfeasor driver, the uninsured and/or underinsured status of the tortfeasor driver, and/or an amount of damages resulting from the accident.

## III.    RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby notifies Plaintiff and her counsel that it intends to use documents that Plaintiff produces and/or have

---

[1] *See, e.g., Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

1

produced in response to written discovery in this lawsuit against Plaintiff in any pre-trial proceeding and/or at trial and intends to rely upon the self-authentication provisions of Rule 193.7.

## IV.    JURY DEMAND

Defendant demands a jury trial in accordance with the Texas Rules of Civil Procedure and the Local Rules of this jurisdiction.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Mutual Automobile Insurance Company respectfully prays for a judgment that Plaintiff takes nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP

By:    Margaret F. Brown
       State Bar No. 24092181
       One Riverwalk Place
       700 N. St. Mary's Street, Suite 1700
       San Antonio, Texas 78205
       (210) 227-2200 (telephone)
       (210) 227-4602 (facsimile)
       mbrown@lsslaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Original Answer was served by electronic service on the **8**[th] day of **May 2023**, upon the following counsel of record:

John Gonzales
**JOHN GONZALES & ASSOCIATES, P.C.**
629 S. Presa
San Antonio, TX 78210-105 83
jgonlaw@gmail.com


_____
Margaret F. Brown

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Alex on behalf of Margaret Brown
Bar No. 24092181
Malex@lsslaw.com
Envelope ID: 75399178
Filing Code Description: ORIGINAL ANSWER OF
Filing Description: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Status as of 5/9/2023 1:16 PM CST

Associated Case Party: Laura Buenrostro

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Gonzales | | jgonlaw@gmail.com | 5/8/2023 10:52:38 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Gonzales | | jgonlaw@gmail.com | 5/8/2023 10:52:38 AM | SENT |

Associated Case Party: State Farm Mutual Automobile Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Margaret F.Brown | | mbrown@lsslaw.com | 5/8/2023 10:52:38 AM | SENT |
| Michelle Anaya | | Manaya@lsslaw.com | 5/8/2023 10:52:38 AM | SENT |
| Jasmine Reyes | | jreyes@lsslaw.com | 5/8/2023 10:52:38 AM | SENT |